FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

May 05, 2022

SEAN F. MCAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>PAULINO PORTILLO-OROZCO,<br>also known as Paulino Portillo-Orosco,<br><br>    Defendant. | NO: 2:20-CR-54-RMP-1<br><br>ORDER DENYING DEFENDANT'S MOTION TO DISMISS |

BEFORE THE COURT, without oral argument, is Defendant Paulino Portillo-Orozco's Motion to Dismiss, ECF No. 56.[1]  Having reviewed the motion, the responses to the motion, the record, and relevant law, the Court is fully informed.[2]

---

[1] Defendant originally filed a Motion to Dismiss with a request for oral argument, ECF No. 54, but refiled the instant motion as an amended motion to dismiss without oral argument. *See* ECF No. 56 at 1.  Accordingly, the Court denied the original motion as moot.  ECF No. 58.

[2] Both parties recognize that the precise issue raised in this motion was recently heard before the Court in a different case. *See United States v. Muñoz-De La O*, No. 2:20-CR-134-RMP-1, 2022 WL 508892 (E.D. Wash. Feb. 18, 2022)).  For sake of judicial efficiency, the parties request, and the Court agrees, to incorporate the record and all relevant filings, transcripts, and exhibits from *Munoz-De La O*. ECF Nos. 54 at 2, 55 at 1

ORDER DENYING DEFENDANT'S MOTION TO DISMISS ~ 1

Defendant is charged with being an Alien in the United States after Deportation, in violation of 8 U.S.C. § 1326. ECF No. 17. Defendant moves to dismiss the Indictment, arguing that § 1326 "violates the Fifth Amendment's guarantee of equal protection." ECF No. 56 at 4.

The Court recently issued a ruling denying a motion to dismiss in a case advancing an identical argument to the instant motion. *See United States v. Muñoz-De La O*, No. 2:20-CR-134-RMP-1, 2022 WL 508892, at *16 (E.D. Wash. Feb. 18, 2022). There, applying the factors set forth in *Arlington Heights v. Metropolitan Housing Development Corp.*, 429 U.S. 252, 97 S. Ct. 555, 50 L. Ed. 2d 450 (1977), the Court recognized that the defendant presented "evidence of § 1326's disparate impact" along with "its troublesome historical background." *Muñoz-De La O*, 2022 WL 508892, at *16. Nevertheless, the Court rejected the equal protection challenge to § 1326 because the defendant failed "to sufficiently demonstrate that Congress was motivated, in part, by an invidious discriminatory motivation in recodifying the unlawful reentry provision" at § 1326 or in amending § 1326 five times following the law's enactment. *Id.*

Relevant to the Court's ruling in *Muñoz-De La O* was the fact that the defendant submitted evidence that gave "no direct insight into the motivations of the

---

n.1. Moreover, the Court, sua sponte, finds good cause to grant leave for Defendant to file excess pages regarding the instant motion. Defendant's 38-page Motion to Dismiss, ECF No. 56, with 17 accompanying exhibits, is accepted as filed. Defendant's 45-page reply, ECF No. 60, with eight exhibits, also is accepted as filed.

ORDER DENYING DEFENDANT'S MOTION TO DISMISS ~ 2

1952 Congress" that enacted § 1326 and relied on "isolated remarks by individual congressmembers" to suggest "that the entire congressional sequence of events [wa]s replete with discriminatory intent." *Id.* at *13. Moreover, the Court observed that the legislative history for both § 1326 and its subsequent amendments falls "short of the standard necessary to demonstrate . . . an invidious discriminatory purpose" and relies on the unpersuasive argument that Congress's silence to the troublesome origins of the 1929 unlawful reentry provision constituted racial animus for the enactment of § 1326 over twenty years later. *Id.* at *14.

Returning to this case, Defendant presents identical arguments and evidence as in *Muñoz-De La O*. ECF Nos. 56, 60. For the same reasons advanced in the Court's order denying the motion to dismiss in *Muñoz-De La O*, the Court rejects Defendant's equal protection challenge in the instant case, under both the *Arlington Heights* and rational basis standards of review.[3] *See Muñoz-De La O*, 2022 WL 508892, at *10–16.

Accordingly, **IT IS HEREBY ORDERED** that Defendant's Motion to Dismiss, **ECF No. 56**, is **DENIED**.

**IT IS SO ORDERED**. The District Court Clerk is directed to enter this Order and provide copies to counsel.

**DATED** May 5, 2022.

                                           *s/ Rosanna Malouf Peterson*
                                      ROSANNA MALOUF PETERSON
                                      Senior United States District Judge

---

[3] The Court incorporates by reference the *Arlington Heights* standard of review applied to equal protection challenges, as well as the rational basis review applied in the alternative. *See Muñoz*, 2022 WL 508892, at *8–9, 15–16.

ORDER DENYING DEFENDANT'S MOTION TO DISMISS ~ 3